# IN THE COURT OF APPEALS OF IOWA

―――――――――

No. 25-1346
Filed May 13, 2026

―――――――――

**State of Iowa,**
Plaintiff–Appellee,
v.
**Tanner Allan Weitzel,**
Defendant–Appellant.

―――――――――

Appeal from the Iowa District Court for Boone County,
The Honorable Ashley Sparks, Judge.

―――――――――

**AFFIRMED**

―――――――――

Martha J. Lucey, State Appellate Defender, and Maria Ruhtenberg,
Assistant Appellate Defender, attorneys for appellant.

Brenna Bird, Attorney General, and Joshua Henry, Assistant Attorney
General, attorneys for appellee.

―――――――――

Considered without oral argument
by Schumacher, P.J., Ahlers, J., and Bower, S.J.
Opinion by Schumacher, P.J.

**SCHUMACHER, Presiding Judge.**

Tanner Weitzel appeals his sentence following a guilty plea to robbery in the first degree in violation of Iowa Code sections 711.1(1) and 711.2 (2025), alleging the district court abused its discretion in sentencing him to an indeterminate term of incarceration not to exceed twenty-five years with a mandatory term of eight years. Upon our review, we affirm.

## I.      Background Facts & Proceedings

Weitzel was charged with first-degree robbery, second-degree kidnapping, and conspiracy to commit a forcible felony following an incident where he and accomplices assaulted an individual while armed with a firearm, intending to commit a theft. At the time of the incident, Weitzel was seventeen years and eight months old. Weitzel entered into a plea agreement with the State wherein he agreed to plead guilty to first-degree robbery in exchange for the State's dismissal of the two remaining counts. The district court accepted Weitzel's plea and ordered the preparation of a presentence investigation (PSI). The PSI recommended incarceration.

Prior to sentencing, Weitzel was evaluated by separate psychologists, one hired by the State and one hired by the defense. Both psychologists testified at the sentencing hearing. The State's psychologist, Dr. Lestina, recommended incarceration followed by probation and inpatient substance-use treatment. The defense psychologist, Dr. Nesbit, recommended probation and participation in a community treatment program.

Following a detailed explanation of relevant sentencing factors, the district court sentenced Weitzel to an indeterminate term of incarceration not to exceed twenty-five years, with a mandatory minimum of eight years of

incarceration prior to Weitzel being eligible for parole. Weitzel appeals his sentence.

## II. Analysis

Weitzel's appeal focuses on his age at the time of the commitment of the offense and the district court's application of the specialized standards the court uses when sentencing a juvenile offender. Weitzel asserts the district court abused its discretion when utilizing the required *Lyle* factors because it found some of the factors non-mitigating. *See State v. Lyle*, 854 N.W.2d 378, 404 n.10 (Iowa 2014). The State counters that while the court is required to consider the *Lyle* factors, it is not mandatory to treat them as mitigating.

We review sentencing challenges for an abuse of discretion. *State v. Gordon*, 998 N.W.2d 859, 862 (Iowa 2023). A sentencing court abuses its discretion when it relies on inappropriate factors or "when the sentence is based on grounds that were clearly untenable or unreasonable." *Id.* "We presume that a sentence within the statutory limits is valid . . . ." *Id.* When sentencing a juvenile, the court may abuse its discretion "when [it] fails to consider the appropriate sentencing factors, inappropriately weighs these factors, or commits a clear error of judgment by arriving at a sentence that lies outside the limited range of choice dictated by the facts of the case." *State v. Miller*, 16 N.W.3d 663, 672 (Iowa 2024) (cleaned up).

When a sentencing court considers imposing a mandatory period of incarceration for a juvenile offender, it must utilize the *Lyle* factors to determine if such a sentence is warranted. *Id.* at 673. These include:

> (1) the age of the offender and the features of youthful behavior, such as "immaturity, impetuosity, and failure to appreciate risks and consequences"; (2) the particular "family and home environment" that

surround the youth; (3) the circumstances of the particular crime and all circumstances relating to youth that may have played a role in the commission of the crime; (4) the challenges for youthful offenders in navigating through the criminal process; and (5) the possibility of rehabilitation and the capacity for change.

*Id.* at 673–74 (citation omitted). We will affirm the district court if the sentencing hearing is individualized, the court considers the *Lyle* factors, and the sentence imposed is supported by the evidence and authorized by statute. *State v. Majors*, 940 N.W.2d 372, 387 (Iowa 2020).

The crux of Weitzel's argument is that the district court abused its discretion by not treating each *Lyle* factor as mitigating. We disagree with this argument. Our court has recently explained:

> [W]e do not believe . . . the district court is specifically required to find each of the *Lyle* factors to be mitigating. Such a blanket requirement would be incompatible with the goal of utilizing the *Lyle* factors, which is to conduct an *individualized* assessment of a juvenile offender to aid in reaching an appropriate sentence.

*State v. Sanchez*, No. 24-0157, 2025 WL 548326, at *6 (Iowa Ct. App. Feb. 19, 2025). Our appellate courts have repeatedly upheld sentencing court's determinations of whether a *Lyle* factor is mitigating or aggravating. *See Miller*, 16 N.W.3d at 681–83; *Majors*, 940 N.W.2d at 388–91; *State v. Meredith*, No. 23-1372, 2024 WL 4370050, at *6–8 (Iowa Ct. App. Oct. 2, 2024).

We turn to Weitzel's arguments that the district court abused its discretion in applying the *Lyle* factors. For the purposes of review, we focus on the factors that the court found were not mitigating. For the first factor, the district court reasoned:

> The first of those factors is the age and the features of your youth, including things like immaturity and impetuosity and failure to appreciate the risk and consequences of your actions.

4

Specifically, you were just under the age of eighteen when this crime was committed. The Court noted obviously that [Dr.] Nesbit, especially, testified that brains don't fully develop until we are into our early or mid-twenties, specifically our frontal lobe that helps with things like addiction and planning, understanding our consequences, having insight to how our actions might impact others.

So it is safe to say that your brain was not fully developed based on your age; however, you are also at the older end of that spectrum. We are not looking at someone who is twelve or thirteen who committed this offense. We are looking at someone who was on the higher end of that.

We also have significant testing that was offered, both in Dr. Lestina and Dr. Nesbit's reports, which generally say that you are personable, you are able to understand right from wrong, you have some insight as to how your actions have impacted others . . . and also have an understanding, potentially, about your substance abuse or how that has impacted your decision-making ability.

. . . .

[Y]ou have significant substance abuse problems for your age . . . . There is no doubt in my mind that has likely impacted your brain development.

. . . .

On sort of the flip side of that, you did score highly, or at least average, on some of those functioning skills. You have finished high school. So the Court isn't viewing some of those complexities with age as a number as being a mitigating factor for you . . . . The Court does not view that factor as being mitigating.

Weitzel contends that the district court improperly relied on a "sliding scale" regarding his age and his insightfulness in assessing maturity. Our supreme court has previously rejected this argument. *Majors*, 940 N.W.2d at 388 (finding that the district court considering that a juvenile defendant who was approaching majority at the time of the offense may determine heightened maturity because "[t]he court must consider the age of the

offender *and* the features of youthful behavior," and "each is a separate consideration under this factor" (emphasis in original) (cleaned up)). We find the district court did not abuse its discretion in applying this factor.

We move to the district court's analysis of the third factor:

> The next factor the Court must consider is the circumstances of the offense and the extent of the youth's participation.
>
> From the Court's view this is almost someone's worst nightmare. This person was a complete stranger to you and your codefendants. He unassumingly walked into an apartment where he was attacked, beaten, his property stolen, and then he was dumped in the middle of the country in the middle of winter and literally could have died.
>
> . . . .
>
> As far as your individual involvement in that crime, the Court, quite frankly, considers that aggravating. Based on my understanding of the record and reports, it sounds as though your girlfriend at the time came up with the idea, you fully supported it. You were likely under the influence of substances when it occurred. You brought your own gun. Regardless of your brain development, your influence, whether or not you were under the influence of any substances, I don't think any amount of peer involvement would have pulled you out in the middle. That doesn't include the planning that occurred in the beginning.
>
> The Court is also very disturbed by the fact that this particular crime seems to be such a big jump from your prior criminal activities. The Court is also bothered by the fact you took steps to hide the crime, the cell phone . . . [and] you don't believe in snitching or someone else turning on each other . . . .
>
> The Court will not consider the circumstances of the offense or your participation in that as a mitigating factor.

Weitzel argues that the district court improperly found this factor was not mitigating because of possible peer pressure and that he was probably under the influence during the incident. We reject Weitzel's assertion. When

determining whether a mandatory minimum sentence is appropriate, our courts "can and should consider the heinous nature of the crime." *Miller*, 16 N.W.3d at 681 (cleaned up). The district court properly considered the circumstances of the crime and found them aggravating while also evaluating Weitzel's participation, including his support, planning, and concealment of evidence. We find the district court did not abuse its discretion in applying this factor.

As to the fourth factor, the challenges of youthful offenders in the criminal justice system, the district court opined:

> As far as incompetencies associated with your youth, again, we are not dealing with a very young teenager. We are not dealing with someone who this is their first contact with the criminal justice system. We have someone who has been involved with the system before, who has an understanding of what is expected in society who has had substance abuse treatment before, who has been on probation before . . . .
>
> In addition to that, you had an attorney appointed to you throughout the course of this . . . . Any incompetencies as a result of your age is outweighed by a lot of these factors. The Court will not consider [this factor] mitigating.

Weitzel asserts this factor, along with the others, is "supposed to be considered as mitigating," the district court improperly relied on the fact he had an attorney throughout the process, and expert testimony is required for this factor. *See State v. Roby*, 897 N.W.2d 127, 147 (Iowa 2017) ("Whether a particular youth would be more capable than most [in the criminal justice system] would normally be a matter for expert testimony.").

Here, there was expert testimony concerning this factor. Dr. Lestina stated that Weitzel possessed good processing, communication, intellect, and had no difficulty communicating with his attorney. *See Goodwin v. Iowa Dist.*

*Ct.*, 936 N.W.2d 634, 647 (Iowa 2019). The district court did not abuse its discretion in applying this factor.

As to the final *Lyle* factor, the possibility for rehabilitation, the district court determined:

> The Court agrees that there were some parts of this that are mitigating. For example, when you transferred to Futures you did well, you got your high school diploma. When you did probation and outpatient treatment it seems you were able to do well.
>
> . . . .
>
> With regard to rehabilitation, the Court finds that things like Mr. Weitzel being successful on probation or being successful in school to be helpful, but some high scores on some of the testing with the impulsivity and the violence, as well as seeing an immediate return to those behaviors after prosocial structures have ceased and an increase in criminal behaviors, those are not necessarily mitigating in the Court's view.

Weitzel contends that the district court improperly considered his impulsivity and previous substance abuse treatment as not mitigating, especially since both experts found he would be receptive to rehabilitation. "This factor typically favors mitigation because juveniles are generally more capable of rehabilitation than adults." *Id.*

The district court considered expert testimony regarding rehabilitation. It also analyzed Weitzel's prior substance abuse issues and relapse, finding the behavior led to impulsivity. The district court found some factors were mitigating, while others were not mitigating. The district court did not abuse its discretion in determining incarceration provides the appropriate opportunity for rehabilitation.

### III. Conclusion

For the reasons above, we affirm the district court.

**AFFIRMED.**